IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Shawn D. Hallin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:11-cv-76 (civil rights) |
| vs. | ) |
| | ) |
| Lincoln Coombs, State of Minnesota Police, ) **ORDER** |
| Prairie St. John's, North Dakota State | ) |
| Hospital, and John Hoeven, | ) |
| | ) |
| Defendants. | ) |

Shawn D. Hallin ("Hallin") filed a *pro se* complaint. The court previously granted Hallin's motion to proceed *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2), the court may *sua sponte* review an IFP complaint and dismiss the action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Hallin states that the Clerk of Court did not send him the form to file a petition for habeas relief as requested. The case was opened as a civil rights action. The court directed that an additional case be opened as a habeas corpus action pursuant to 28 U.S.C. § 2254.

Hallin submitted a motion to amend or correct the complaint and the petition, a motion for a permanent injunction, and a motion for a restraining order. The motions were filed in both cases. In this order, the court only addresses the civil rights complaint and the motions as they pertain to that case.

Hallin states that on August 3, 2011, he "went to Minnesota state police to exercise [his] right to seek redress of [a] grievance." (Doc. #1-1, p. 3). He alleges that the police kidnaped

him and illegally brought him to Prairie St. John's in North Dakota.[1]  Hallin was then transferred to the North Dakota State Hospital, where he is currently being held.  Hallin alleges that an unnamed doctor at the North Dakota State Hospital lied in an affidavit.  In addition, on the front of the complaint where the plaintiff is to check the division of the court in which his complaint is venued, Hallin wrote, "They won't give me access to a law library?"  (Doc. #1-1, p. 1).  Hallin requests that he be brought before a judge so that he can "have [his] constitutional rights recognized, [and] have everybody involved arrested [and] jailed by a Federal Task Force."  (Doc. #1-1, p. 4).  Hallin also requests his immediate release and he seeks one hundred million dollars in damages from the State of North Dakota.

Hallin attached to his complaint a Petition for Involuntary Commitment signed by Dr. Lincoln Coombs on August 12, 2011.[2]  (Doc. #1-1, pp. 6-8).  In the petition, Dr. Coombs states that he believes Hallin is "mentally ill and as a result of such condition there is a reasonable expectation of a serious risk of harm if [Hallin] is not treated."  (Doc. #1-1, p. 7).  The petition is presumably the "affidavit" in which Hallin alleges a doctor lied.

## Discussion

Habeas corpus provides the exclusive federal remedy for challenges to the fact or duration of confinement.  Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).  The majority of Hallin's claims attack his confinement at the North Dakota State Hospital.  Hallin's claim that he is being illegally held will be addressed in his habeas case.

---

[1] Prairie St. John's is a facility that provides services for individuals with mental health or chemical dependency issues.

[2] The petition indicates that Dr. Coombs is employed by the North Dakota State Hospital.

Hallin seeks one million dollars in damages from the State of North Dakota. However, "[t]he sovereign immunity enjoyed by states and recognized in the Eleventh Amendment bars private parties from bringing actions for damages against unconsenting states in federal courts." Thomas v. St.Louis Bd. of Police Com'rs, 447 F.3d 1082, 1084 (8th Cir. 2006). Hallin is not entitled to recover damages from the State of North Dakota.

As previously mentioned, the majority of Hallin's claims attack the validity of his potential civil commitment. The only claim in Hallin's civil rights complaint that does not relate to his request for immediate release is that he is being denied access to a law library. At its essence, this is a claim of denial of access to the courts. To sustain such a claim, it is not sufficient to merely allege a denial of access to a law library, even if the denial is systemic. Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996). Instead, the plaintiff must show "the lack of a library . . . hindered the plaintiff's efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." Id. (citing Lewis v. Casey, 518 U.S. 343, 355 (1996)). In other words, the plaintiff must plead prejudice or an actual injury. Id.; see also Klinger v. Department of Corrections, 107 F.3d 609, 616-617 (8th Cir. 1997). Hallin has offered no facts indicating that the lack of a law library prejudiced him in a legal case. Therefore, he has failed to state a claim upon which relief can be granted.

Hallin's motion to amend seeks to add more than thirty individuals as defendants, including those who are allegedly current or former employees of the following institutions: North Dakota Department of Corrections, Prairie St. John's, North Dakota State Hospital, St. Alexius Medical Center in Bismarck, Medcenter One in Bismarck, and West Central Human

3

Services Center. He also seeks to add as defendants an individual on the State Board of Nursing, an individual who works with Medicaid cases, judges, attorneys, and law enforcement officials. Hallin does not allege how any of the individuals violated his civil rights. He simply lists their names with no indication of what his claims are against the proposed defendants. Hallin's motion to amend the complaint is **DENIED**.

Hallin seeks an injunction and a restraining order against Pat Bronson, who allegedly works for the North Dakota Department of Corrections, prohibiting him from having any contact with Hallin, his family, or his friends, and prohibiting him from "using threats of harm[,] [or] t[e]rroristic acts." (Doc. #5, p. 9). Hallin seeks an injunction and restraining order against Burleigh County judges prohibiting them from taking action in any case involving Hallin without first having a hearing in federal court. He also requests that the judges be prohibited from terrorizing Hallin's friends and family. Hallin seeks a restraining order and injunction against the States Attorneys in Burleigh County and Morton County prohibiting them from prosecuting Hallin, except in a pending case in Morton County involving a charge of driving under the influence. Finally, Hallin seeks an injunction and restraining order against the Bismarck Police Department prohibiting them from seeking any action against Hallin. None of these individuals are parties to this action, and Hallin has not stated a claim upon which relief can be granted against any of them. Hallin's motions for an injunction and a restraining order are **DENIED**.

## Conclusion

The majority of Hallin's allegations will be addressed in his habeas action because they pertain to his claim that he is being illegally held. In his civil rights case Hallin is not entitled to

4

money damages against the State of North Dakota, and he has failed to state a claim of denial of access to the courts because he has offered no facts indicating that the lack of a law library prejudiced him in a legal case.  Hallin's motion to amend his complaint to add defendants does not allege any claims against any of the proposed defendants.  Hallin's motions for an injunction and a restraining order pertain to individuals or entities who are not parties in this action.  It is **ORDERED** that Hallin's motion to amend the complaint is **DENIED**, Hallin's motion for a permanent injunction is **DENIED**, Hallin's motion for a restraining order is **DENIED**, and Hallin's civil rights complaint is **DISMISSED** with prejudice for failure to state a claim on which relief can be granted.  In addition, the court finds that any appeal from this action would be frivolous and cannot be taken *in forma pauperis*.

    **JUDGMENT SHALL BE ENTERED ACCORDINGLY.**

    Dated this 4th day of October, 2011.

                                  /s/ *Karen K. Klein*
                                  Karen K. Klein
                                  United States Magistrate Judge